202

# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Suzanne Kennon,
a/k/a Suzanne Boyette

v.

Ronald J. Angelone,
Director,
Virginia Department
of Corrections

December 11, 1996

Case No. L94-1762

By Judge Norman Olitsky

This matter is before the Court upon the Petition of Suzanne Kennon for a writ of habeas corpus, alleging that her attorney was ineffective in failing to advise her of the possibility that she would be found parole ineligible pursuant to Code § 53.1-151(B1) if she pleaded guilty to three counts of robbery. She also alleged that this ineffectiveness rendered her guilty plea involuntary.

The court, after hearing the evidence *ore tenus* and argument by counsel and upon careful review of the pleadings and attendant argument and a review of the record and transcript in the criminal case of the *Commonwealth of Virginia v. Suzanne Kennon* (CR35301-02 and CR35232), which are hereby made a part of the record in this proceeding, the Court makes the following findings of fact.

The petitioner committed three robberies by presentation of firearms in the City of Portsmouth in 1987 and was charged with three counts of robbery and three counts of use of a firearm in the commission of robbery. Warren Kozak, Esq., was retained to defend her against these charges. After negotiating with the Commonwealth's Attorney, petitioner's counsel obtained a plea agreement whereby the petitioner would plead guilty to the three robberies and two of the firearms charges and be sentenced to a total of 14 years in prison. The

remaining firearms charge would be dismissed upon an order of nolle prosequi.

The petitioner accepted this plea agreement and on October 19, 1987, pleaded guilty in this Court before the Honorable William H. Oast. Upon examination by the Court, the petitioner stated that she was thirty-seven years old, had attended college for a year and a half, understood her charges, had discussed the charges completely and thoroughly with her attorney, was ready for trial, understood she was waiving her right to a jury, had made a voluntary statement to the police, was satisfied with the legal services of her attorney, and was pleading guilty because she knew she was really guilty. Judge Oast accepted the petitioner's pleas and, in doing so, implicitly found that the pleas were informed and voluntary.

Having heard the evidence in this case, the Court finds that petitioner's trial counsel, Warren Kozak, was a credible witness and rejects the petitioner's testimony to the extent that it conflicts with his. Mr. Kozak's testimony establishes that he was aware of the "three time loser law," Va. Code § 53.1-151(B1), and that he advised the petitioner of the possibility, if not probability, that she would be found ineligible for parole by the Department of Corrections. Mr. Kozak also testified that, during plea negotiations, the prosecutor refused to nolle prosequi any of the robbery charges.

The Court finds that the petitioner was advised that she might be classified as parole ineligible before she entered her plea, and she pleaded guilty having been advised of this collateral consequence of her plea, and that her guilty plea was knowingly and voluntarily entered. Moreover, the plea agreement assured a more favorable outcome than the petitioner could have hoped for after a trial.

The strength and quantity of the evidence against the petitioner, including her own confessions, point compellingly to the conclusion that a reasonable defendant would have pleaded guilty.

The standard for evaluating claims of ineffectiveness of counsel is that established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires that a habeas petitioner bear the burden of establishing both that counsel's performance was deficient and that the ineffectiveness prejudiced the defendant. The *Strickland* standard is applicable to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985).

In order to meet the performance prong of *Strickland*, a habeas petitioner must prove acts or omissions outside the wide range of competence demanded of attorneys in criminal cases in order to show that the performance of her attorney was so deficient that the attorney failed to serve as the counsel guaranteed by the Sixth Amendment of the United States Constitution. The benchmark for judging any claim of ineffectiveness is whether counsel's

conduct so undermined the proper functioning of the adversary process that the trial cannot have been relied upon to produce a just result. *Strickland*, 466 U.S. at 686-687.

As noted in *Hill v. Lockhart*, 474 U.S. 52, 88 L. Ed. 2d 203, 208 (1985): "The long standing test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." (Cites omitted.) In *Lockhart* the Petitioner was challenging the voluntariness of his plea based upon an ineffective assistance of counsel claim alleging that his attorney had supplied him with incorrect information about parole eligibility in the event of his convictions.

The performance of Petitioner's counsel was appropriate under the circumstances of this case and certainly does not rise to the level of failure to act "within the range of competence demanded of attorneys in criminal cases." *Marzullo v. Maryland*, 561 F.2d 540, 544 (4th Cir. 1970), *cert. denied*, 435 U.S. 1011. There has been no showing that there was improper action or omission on the part of Petitioner's counsel "so flagrant that it resulted from neglect or ignorance rather than informed, professional deliberation." *Toliver v. United States*, 563 F.2d 1117, 1121 (4th Cir. 1977).

The Petitioner was fully informed with respect to the entry of her guilty pleas that the advice rendered her by her attorney was well within the range of competence demanded of attorneys in criminal cases.

Wherefore, the Court is of the opinion that the Petitioner has failed to prove that her attorney was ineffective or that, but for the alleged ineffectiveness, she would have changed her plea and therefore she is not entitled to the relief sought and that her prayers for relief should be, and are hereby, denied; it is, therefore, adjudged and ordered that the petition for a writ of habeas corpus should be and is hereby denied and dismissed with prejudice, to which action of this Court the petitioner objects and excepts.